COURT OF APPEALS
DECISION
DATED AND FILED

March 30, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1347**

**STATE OF WISCONSIN**

Cir. Ct. No. 2018CV1114

**IN COURT OF APPEALS
DISTRICT IV**

MELISSA A. HUBBARD,

PLAINTIFF-APPELLANT,

V.

MICHAEL MCGAULEY AND PROASSURANCE CASUALTY CO.,

DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Rock County: DERRICK A. GRUBB, Judge. *Affirmed*.

Before Blanchard, P.J., Fitzpatrick, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Melissa Hubbard appeals a circuit court order denying her motion to reconsider a prior order of the court dismissing her medical

negligence action against Dr. Michael McGauley and his insurer ProAssurance Casualty Company. We affirm the order denying the motion to reconsider because Hubbard concedes through silence that she based her reconsideration motion on arguments that she did not raise in the circuit court before filing the motion for reconsideration. "'[A] motion for reconsideration is not a vehicle for making new arguments.'" *See Bauer v. Wisconsin Energy Corp.*, 2022 WI 11, ¶14, 400 Wis. 2d 592, 970 N.W.2d 243 (quoting *Lynch v. Crossroads Counseling Ctr., Inc.*, 2004 WI App 114, ¶23, 275 Wis. 2d 171, 684 N.W.2d 141).

## BACKGROUND

### *Prior Appeal*

¶2 This is Hubbard's second appeal in this case. This court resolved the first in a summary order released in November 2022, affirming the circuit court's dismissal of Hubbard's medical negligence action. *Hubbard v. McGauley*, No. 2022AP116, unpublished op. and order (WI App Nov. 10, 2022) ("the summary order").[1]

¶3 The following are portions of the background contained in the summary order that provide general context for this appeal. Hubbard alleges in the operative complaint that in February 2018, when Dr. McGauley performed on Hubbard what she thought would be exclusively a "robotic assisted laparoscopic colon resection," he surgically removed her ovaries without her consent, allegedly breaching his duty to obtain informed consent before the procedure. One allegation in the complaint is that Hubbard would have refused surgery if she knew that it

---

[1] Briefing in the instant appeal was completed before this court issued the summary order resolving the prior appeal.

would include removal of her ovaries because she and her husband were planning to have children.

¶4      In advance of the circuit court ruling that resulted in the prior appeal, McGauley argued in pertinent part that Hubbard could not prove that she is entitled to any damages caused by the alleged negligence without providing evidence that she would have conceived in the absence of the surgery, and also argued that Hubbard could not point to any such evidence. Based on this theory, McGauley filed a dispositive motion, followed by a motion in limine that would bar Hubbard "from presenting evidence of damages for a speculative injury based on her inability to conceive" following the surgery, because she could not "provide evidence" upon which "a jury could reasonably find [that] a causal nexus exists between the alleged tortious act and the resulting injury."

¶5      Hubbard responded in part by directing the circuit court to purported evidence concerning Hubbard's ability to conceive before the surgery, which she submitted would be sufficient to support a jury determination of damages that were caused by the alleged negligence.

¶6      The circuit court treated the causation issue raised by McGauley as dispositive of the whole case. That is, the court determined that Hubbard could not meet her burden of production on causation and dismissed the complaint on that basis. The record of the prior appeal reflects that the rationale of the court was that Hubbard needed to produce, and had not produced, expert evidence regarding Hubbard's alleged ability to conceive before the surgery.

¶7      In the prior appeal, Hubbard's only argument was that the circuit court granted a motion to dismiss the operative complaint, and that dismissal was improper because Hubbard was not given notice that the court might grant a motion

3

to dismiss and the court did not sufficiently "cit[e] and review[]" the operative complaint in doing so. That is, she argued exclusively that she lacked sufficient notice to oppose what she characterized as the circuit court's grant of a motion to dismiss her operative complaint pursuant to WIS. STAT. § 802.06—a motion testing the legal sufficiency of the pleadings.[2]

¶8     In our summary order, we affirmed based on our conclusion that this argument rested on a false premise: that the circuit court granted a motion to dismiss for failure of the complaint to state a claim. We explained that, instead, the circuit court granted McGauley's pending dispositive motion to dismiss based on the absence of evidence of causation, followed by McGauley's motion in limine based on the same argument, because the court agreed with McGauley that Hubbard was not able to explain how she could show causation.

*Reconsideration Motion*

¶9     Turning to the immediate subject of this appeal, shortly after the circuit court ruled orally that it would be dismissing the complaint, Hubbard filed a motion for reconsideration in the circuit court. McGauley filed a response opposing the motion and Hubbard filed a reply to the response.

¶10     The circuit court held a hearing on Hubbard's motion to reconsider. The court noted that Hubbard was not basing her reconsideration motion on newly discovered evidence, but instead must be arguing that the court had made a manifest

---

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

error of fact or law in dismissing the complaint.[3] *See **Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.***, 2004 WI App 129, ¶44, 275 Wis. 2d 397, 685 N.W.2d 853 (to prevail, a party moving for reconsideration must present either "newly discovered evidence or establish a manifest error of law or fact").  The circuit court explained that it did not discern a basis to conclude that it had made a manifest error.  However, the court decided to request supplemental briefing on a limited issue.  After considering the supplemental briefing, the circuit court denied the motion for reconsideration on the ground that Hubbard had failed to identify a manifest error of fact or law.

¶11     Hubbard appeals the denial of her motion for reconsideration.[4]

---

[3] As discussed below, in this appeal Hubbard exclusively argues that the circuit court should have granted the motion for reconsideration because the court had made a manifest error of law in dismissing the complaint.

[4] We do not address the potential for Hubbard to have prevailed on a motion for relief from judgment under WIS. STAT. § 806.07(1)(h), as opposed to a motion for reconsideration, because she has abandoned the issue on appeal.

Explaining further, Hubbard styled her motion as one for reconsideration of a ruling that had been stated orally by the circuit court but that had not yet been memorialized in writing.  This motion also briefly referenced WIS. STAT. § 806.07(1)(h), which provides for one ground on which a circuit court may grant relief from a judgment.  Under this catch-all provision, relief from a judgment may be granted "upon such terms as are just," based on "reasons justifying relief from the operation of the judgment."  Sec. 806.07(1)(h).  "In exercising its discretion in determining whether it should grant relief from a judgment, the circuit court 'must consider a wide range of factors' in determining whether extraordinary circumstances are present, always keeping in mind the competing interests of finality of judgments and fairness in the resolution of the dispute." ***Miller v. Hanover Ins. Co.***, 2010 WI 75, ¶36, 326 Wis. 2d 640, 785 N.W.2d 493 (quoted source omitted).  However, in all of Hubbard's pleadings in the circuit court relating to the motion for reconsideration, Hubbard failed at any point to present a developed argument, citing the relevant factors, and explaining why the circuit court should exercise its discretion to grant a motion under § 806.07(1)(h).  Further, on appeal, she does not refer to § 806.07(1)(h).  As a result, even assuming without deciding that the issue was preserved in the circuit court, Hubbard has abandoned it on appeal.

**DISCUSSION**

¶12     Hubbard argues that the circuit court should have granted the motion for reconsideration because the court made a manifest error of law in dismissing the complaint. The court's alleged error was in ruling "that an individual's right of self-determination, which encompasses an individual's right to choose to have or not have a medical procedure, is not an element of damages standing alone or is contained in the categories in Wisconsin law described as the 'loss of enjoyment of life' and 'the impairment of the ability to enjoy the benefits of life.'" In response, McGauley presents an argument supported by citations to the record and legal authority that Hubbard could not properly pursue these arguments in a motion for reconsideration because she "failed to even mention" damages based on these theories before she filed the motion to reconsider. Hubbard completely fails to respond to this argument in her reply brief. Accordingly, she concedes this issue by failing to dispute McGauley's position, *see United Cooperative v. Frontier FS Cooperative*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (appellant's failure to respond in reply brief to argument made in response brief may be taken as concession), and this is dispositive. We now explain the basis for our conclusion further.

¶13     As noted above, a party moving for reconsideration must show either "newly discovered evidence" that could not have been introduced at the time of the challenged ruling or "a manifest error of law or fact." *Koepsell's*, 275 Wis. 2d 397, ¶¶44, 46. Regarding the "manifest error of law" rationale that is pertinent here, our supreme court recently reaffirmed that the moving party must show "more than disappointment or umbrage with the ruling," but instead this requires "a heightened showing of 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Bauer*, 400 Wis. 2d 592, ¶14 (quoted sources omitted).

6

¶14 Further, and notably for the circumstances here, "'a motion for reconsideration is not a vehicle for making new arguments.'" *See id.* (quoted source omitted).

¶15 We review a circuit court's decision on a motion for reconsideration using the erroneous exercise of discretion standard of review. *Koepsell's*, 275 Wis. 2d 397, ¶6. We affirm a discretionary decision as long as the court examined the relevant facts, applied a proper standard of law, and used a demonstrated rational process to reach a reasonable conclusion. *Franke v. Franke*, 2004 WI 8, ¶54, 268 Wis. 2d 360, 674 N.W.2d 832.

¶16 We now describe more fully Hubbard's motion for reconsideration. The motion rested on two theories. The first theory was one that we rejected in the summary order in the prior appeal, as summarized above: that Hubbard lacked sufficient notice to oppose what she erroneously characterized as the circuit court's grant of a motion to dismiss her operative complaint under WIS. STAT. § 802.06(2). We do not need to revisit this theory.

¶17 The second theory was the following. Hubbard argued that the circuit court, in dismissing the operative complaint based on the lack of evidence of causality due to the absence of expert testimony, interpreted Hubbard to allege only two categories of "injury" to Hubbard: the undisputed removal of her ovaries and the allegation that this rendered her unable to conceive. The problem, according to Hubbard's motion for reconsideration, is that the circuit court failed to recognize that she was alleging "two other 'injuries,'" for which she contends causation may be shown without expert testimony: (1) "Hubbard's right of self-determination; her right to choose to consent or not consent to undergo a medical procedure" and (2) "Hubbard's right[,] post February 13, 2021 surgery[,] to determine in the future

7

if she was capable of conceiving or not." Hubbard essentially argued that, even if the circuit court were correct that expert testimony was needed to prove the "injuries" that the circuit court addressed, expert testimony is not needed regarding the "two other 'injuries.'"

¶18 McGauley replied in pertinent part by arguing that Hubbard had not previously made this argument and that the circuit court "could not have made a manifest error of law on an issue that was not previously before this Court."

¶19 In addressing the reconsideration motion, the circuit court observed in part that Hubbard was making "different arguments that were not made previously." The court did not rest its decision denying the reconsideration motion on McGauley's contention that it was improper for Hubbard to raise new arguments in a motion to reconsider. However, the court also did not suggest that Hubbard was raising mere variations on prior arguments to make sure that the court had not misunderstood or had misapprehended the issues. Instead, the court identified these as new arguments and then proceeded to entertain them on the merits, rejecting the arguments on the ground that they do not establish a manifest error of law.

¶20 As a general rule, we may affirm the circuit court on different grounds than those relied on by the circuit court, *State v. Earl*, 2009 WI App 99, ¶18 n.8, 320 Wis. 2d 639, 770 N.W.2d 755, and Hubbard does not develop an argument that this general rule should not apply here as McGauley argues it should.

¶21 With that additional background, McGauley argues on appeal, as he did in the circuit court, that Hubbard's reconsideration arguments are new: "Hubbard failed to even mention" theories of damages based on self-determination or enjoyment of life "prior to the motion to reconsider," including at the hearing at

which the circuit court ruled that the complaint must be dismissed, "or any time prior in the litigation."

¶22    In Hubbard's reply on appeal she exclusively returns to the issue that we resolved in our prior appeal and to the merits of the arguments that she raised for the first time in the motion for reconsideration. She fails to address in any way McGauley's argument that Hubbard could not use a motion for reconsideration to raise arguments that she could have raised, but failed to raise, before the circuit court made the ruling that she challenged in the motion for reconsideration.

## CONCLUSION

¶23    For all of these reasons, we affirm the circuit court order denying the motion for reconsideration.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.